IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jeremy M. Zier
308 Cibolo Ridge Drive                No.:_____
La Vernia, Texas 78121
*Plaintiff*

v.

Frank Kendall, III
Secretary of the Air Force
1670 Air Force Pentagon,
Washington, DC 20330-1670
*Defendant*

## Complaint for Declaratory and Other Relief

Jeremy Zier [hereinafter Plaintiff] submits this collateral action against Defendant, in his official capacity, seeking declaratory and other relief from a special court-martial conviction.  Officials subordinate to the Secretary of the Air Force have purported to publish orders giving to Plaintiff's court-martial conviction final effect. Article 76, Uniform Code of Military Justice (10 U.S.C. § 876)(2012) [hereinafter UCMJ].[1]  Plaintiff seeks relief because the findings of the court-martial which tried him are void because of Defendant and the then-Undersecretary of the Air Force engaged in appellate actual and apparent Unlawful

---

[1] Mr. Zier cites to the version of the UCMJ in effect at the time of his court-martial and during post-trial review.

Command Influence.  Further, Plaintiff seeks relief from his sentence because the Air Force Court of Criminal Appeal's reassessment of it was void because that court lacked jurisdiction to reassess his sentence.

## Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1331. The federal questions arise under the Uniform Code of Military Justice, 10 U.S.C. §§ 801-940, and the Manual for Courts-Martial, United States, an Executive Order with the force of law.

## Venue

2. Venue is proper in this district because the Defendant is present therein. 28 U.S.C. § 1391(e).  A service secretary may be present within more than one federal district for the purposes of venue and is considered present within the federal district for the District of Columbia when he performs a significant amount of his duties there.  *Smith v. Dalton*, 927 F. Supp. 1, 5-6 (D.D.C 2004).

## Parties

3. Plaintiff is a retired Airman in the United States Air Force.

4. Defendant is the Secretary of the Air Force.  Defendant is named in his official capacity.

### Facts relevant to the Complaint and Procedural History

Facts relevant to the Charge.

5. Mr. Zier traveled with his teammates to Colossae Thermal Hotel in Pamukkale, Turkey in 2015.  During that trip, Mr. Zier and other airmen lounged in a natural hot spring.  All persons present, to include other noncommissioned officers [NCOs], decided to disrobe while in the hot tub. MR 72.[2]  The intense bubbling of the tub blocked view of the intimate areas of the bathers.  *Id*.  One of the Airmen present, C.F., claimed that Applicant touched her genital area and her inner thigh.  MR 725.  This alleged touching occurred in the presence of at least five other people.  *Id*.  No-one saw the touch, and no-one saw or heard any reaction from C.F. which would indicate that a non-consensual touching occurred or any touching at all.  MR 717, 725.  C.F. claimed that she felt what seemed to be Mr. Zier's hand but did not actually see his hand touch her.  MR 713.  Despite this, C.F. did not allege in her initial version of events that Mr. Zier grazed her genitalia with his hand, and merely indicated that he touched her inner thigh.  MR 716.

Procedural History

6. Between August 10, 2020 and August 14, 2020, a military judge and a panel of officers sitting as a special court-martial tried Mr. Zier, who then held the rank of Senior Master Sergeant (E-8).  The court-martial convicted Mr. Zier, contrary to his pleas, of one specification each of dereliction of duty and abusive sexual contact, in violation of Articles 92 and 120, UCMJ; 10 U.S.C. §§ 892 and 920 (2012).  The court-martial sentenced Mr. Zier to be reduced to the grade of E-

---

[2] The citations contained herein are to the military record of trial.

7. The panel did not view the allegation as sufficiently serious so as to merit a punitive discharge or a term of confinement.

7. The convening authority approved the findings and sentence as adjudged. MR3.

8. On September 23, 2021, Mr. Zier filed an initial petition for relief with the Judge Advocate General of the Air Force [TJAG] pursuant to R.C.M. 1201. On December 6, 2021, he filed a supplemental petition with TJAG pursuant to R.C.M. 1201 and alleged that Miss Gina Ortiz Jones, who was then Undersecretary of the Air Force [former USECAF] engaged in actual and apparent appellate unlawful command influence [UCI]. MR 831-902

9. On April 19, 2022, Mr. Zier filed a second supplemental petition with TJAG, also pursuant to R.C.M. 1201, alleging that the Honorable Frank Kendall, III, the Secretary of the Air Force [SECAF] had engaged in actual and apparent appellate UCI. *Id.*

10. On August 11, 2022, TJAG issued an action which denied all relief to Mr. Zier and found that his second supplemental petition was untimely. On September 22, 2022, Mr. Zier applied to the Air Force Court of Criminal Appeals [AFCCA] for review of TJAG's denial of relief under provision of Art. 69, UCMJ. *Id.*

11. On October 5, 2022, AFCCA court noted the incompleteness of Mr. Zier's record. Specifically, AFCCA noted that both the review conducted pursuant

to Article 65, UCMJ and Mr. Zier's R.C.M. 1201 petitions were not contained within the record of trial. The AFCCA ordered the government to show good cause why this Court should not return the record to TJAG. The government subsequently agreed that the record should be returned for correction.

12. On October 6, 2022, in light of his claim that the Defendant and the former USECAF engaged in appellate UCI, Mr. Zier moved the AFCCA judges to recuse themselves and moved for the AFCCA Chief Judge to make arrangement for the detail of appellate military judges of another military service for the purpose of considering his Article 69, UCMJ petition.

13. On October 27, 2022, AFCCA denied Mr. Zier's motion for recusal of Air Force appellate judges and returned the record to TJAG for completion of the record. MR825.

14. On November 17, 2022, the government attached Mr. Zier's petitions for relief under R.C.M. 1201 to the record of trial. The government further attached documents which indicated that Mr. Zier was never informed of the completion of Article 65 review. In consequence, the government conceded that Mr. Zier's second additional R.C.M. 1201 petition was timely because the time limit in which to file R.C.M. 1201 petitions commences after a Servicemember is mailed the results of Article 65, UCMJ review, a step which never occurred. MR 900-02.

15. On December 22, 2022, AFCCA, *sua sponte*, specified three jurisdictional issues for briefing. On April 18, 2023, the AFCCA resolved the issues it specified in Mr. Zier's favor and granted his petition for review under Article 69, UCMJ. *United States v. Zier,* No. ACM 21014, 2023 CCA LEXIS 178 (A.F. Ct. Crim. App. Apr. 18, 2023)(unrep.).

16. AFCCA issued its decision in Mr. Zier's case on January 4, 2024. The AFCCA set aside and dismissed Mr. Zier's conviction for dereliction of duty, affirmed the remaining finding and re-assessed the sentence. *United States v. Zier*, 2024 CCA LEXIS 3, No. ACM 21014 (A.F. Ct. Crim. App. Jan. 4, 2024)(unrep.).

17. The Court of Appeals for the Armed Forces [CAAF] declined to review the AFCCA decision. *United States v. Zier*, 2024 CAAF LEXIS 412 (C.A.A.F. July 18, 2024).

Facts constituting appellate UCI.

18. Miss Gina Jones is the former USECAF. She held office during the processing of Mr. Zier's R.C.M. 1201 application and during AFCCA's review of his case. Mr. Zier states upon information and belief that Miss Jones is an Air Force Reservist. Further, during periods relevant to this case, Mr. Zier states on information and belief that the former USECAF performed inactive duty for training, annual training, or active duty for training, and has been subject to the UCMJ while performing such duty as an Air Force Reservist.

19.  The former USECAF maintains a Twitter account.  Twitter is "an American microblogging and social networking service on which users post and interact with messages known as 'tweets.' Registered users can post, like, and retweet tweets, but unregistered users can only read those that are publicly available."[3]  The former USECAF has "tweeted" about this case.  Specifically, she tweeted on March 22, 2021 that Mr. Zier "should not serve in our military" because he is a "convicted sex offender."  This "tweet" has remained publicly visible at all relevant times since its posting, including after the former USECAF's entrance to office.  It remained in publication at all relevant times and has attracted media attention.  See e.g. Greg Piper, *Air Force to revoke Bronze Star recipient's retirement benefits for hot tub incident*, Just the News (8 NOV 21).  MR850.  The former USECAF never withdrew her statements, even after Mr. Zier claimed that her statements constituted UCI.  Mr. Zier states on information and belief that the former USECAF was personally aware of his UCI claim because the attorneys directly advising USECAF and SECAF contacted his counsel concerning his R.C.M. 1201 applications.

20.  On December 10, 2020, a discharge board convened to consider whether to administratively discharge Mr. Zier.  Per Air Force Instruction [AFI] 36-3208, *Administrative Separations of Airmen*, dated July 2, 2013, the board determined that Mr. Zier should be retained in the Air Force.  Mr. Zier's Wing

---

[3] *About Twitter* available at https://about.twitter.com/en/who-we-are/our-company

Commander forwarded the matter to the Secretary of the Air Force.  The Honorable Frank Kendall, III is the incumbent Secretary of the Air Force [SECAF].  On January 6, 2022, SECAF directed Mr. Zier's retirement as a technical sergeant, a one rank demotion beyond what the court-martial adjudged.[4]

21.   At the time of his decision, while Mr. Zier's case was pending before TJAG, Secretary Kendall issued the following statement to print media:

> "As a senior non-commissioned officer, Sergeant Zier had a special responsibility and duty to protect and look after the airmen under his authority. Sergeant Zier's misconduct against a fellow airman violated that trust and his duty as an Air Force leader. Such conduct is **unacceptable**, does not meet Air Force standards and **won't be tolerated**" (emphasis added)."[5]

22.   At all times from the completion of his sentence until his retirement, Mr. Zier's command prevented him from performing any meaningful military duty.  His First Shirt informed him that his place of duty was his living room.  Until the time of Secretary Kendall's purported reduction of him, he was not permitted to retire, because he remained improperly subject to pre-trial controls.  Specifically, a 2J code in his personnel records prevented any favorable action because of pending criminal or administrative separation action.  MR873.

23.   USECAF is the second-highest ranked civilian in the Department of the Air Force.  10 U.S.C. § 9015.  The Assistant Secretary of the Air Force responsible

---

[4] R.C.M. 1201 submission copying Rachel S. Cohen, *Senior NCO convicted of sex crime will be allowed to retire at a lower rank*, Air Force Times (Mar. 9, 2022).
[5] *Id*.

for personnel matters reports directly to USECAF.  10 U.S.C. § 9016.  The former USECAF had the direct and indirect ability to affect the tenure in office, future assignments, and career prospects of TJAG and the judges of AFCCA.  *Id*.

24.  Secretary Kendall is the highest ranked civilian in the Department of the Air Force.  10 U.S.C. § 9013.  Secretary Kendall has the direct authority to affect the future assignments and career prospects of TJAG and of the judges of AFCCA and may terminate their tenure in office.  *Id*.

**Causes of Action (collateral review of a court-martial conviction)**

25.  **Count I – voidness of the Charge:** This court should collaterally review Mr. Zier's case and grant declaratory or such other relief to Mr. Zier because the presence of unlawful command influence renders the findings as affirmed as to the Charge void.  Mr. Zier incorporates by reference paragraphs 5-24 into this count.

26.  **Count II – voidness of the sentence:** This court should collaterally review AFCCA's action in re-assessing Mr. Zier's sentence.  AFCCA did not have jurisdiction to re-assess Mr. Zier's sentence because sentence re-assessment occurs under a service court's fact-finding authority pursuant to Article 66, UCMJ.  The UCMJ, explicitly prohibits a service court from exercising its fact-finding authority in Article 69 cases.  The court's re-assessment and re-issuance of the sentence was therefore void.  Mr. Zier incorporates by reference paragraphs 5-24 into this count.

**Consideration of Plaintiff's claim**

27. Plaintiff attaches the record of trial and relevant portions of the appellate record to this complaint and incorporates them by reference.

## Conclusion

Plaintiff prays that the Court enter judgment—

(a) declaring that the findings as to Charge are void because of appellate UCI.

(b) declaring that the sentence is void because AFCCA lacked authority to re-assess it.

(c) ordering that his conviction and sentence be expunged and that all rights, privileges, and property of which he has been deprived by reason of the sentence be restored; and

(d) granting such other and further relief as may in the circumstances be just and proper.

/s/
Robert Feldmeier
Attorney-at-law
THE LAW OFFICES OF ROBERT FELDMEIER
2920 Forestville Road, Suite 100-1076
Raleigh, North Carolina 27616
336-416-2479
robert.a.feldmeier@gmail.com